[No. 4301.]

THE PEOPLE EX REL. LONG ET AL. v THE DISTRICT COURT OF BOULDER COUNTY, BOUGHTON, JUDGE, ET AL.

1. EJECTMENT—NEW TRIAL AS OF RIGHT—REPEAL OF LAW—PROHIBITION.

The act (session laws 1899, page 161) amending code section 272 and repealing that part of the section which gave to the defeated party in an action for possession of real property a new trial as matter of right upon application and payment of costs before the first day of the next term, is constitutional and applicable to causes pending but in which there had been no trial at the time the repealing act took effect, and the supreme court will issue a writ of prohibition to prevent a district court from granting a new trial as matter of right in such case.

2. SAME.

The writ of prohibition is usually issued only to prohibit a future

act, but where a district court has already entered an order setting aside a judgment and granting a new trial as matter of right in an action for possession of real estate wherein the trial was had after the law granting such right was repealed, the writ will issue to prevent further action and also to undo what has already been done, by directing the court to set aside its order vacating the judgment and granting a new trial, and to enter a new order reinstating the judgment.

### Original Proceedings in Prohibition.

This is an application for a writ of prohibition against the district court of Boulder county to restrain it from entering upon the trial of an action which, as it is alleged, the court has no jurisdiction to try. The complaint was filed in the district court on the 19th of November 1898. The action was in support of an adverse claim protesting against an application for a patent to a mining claim. It was tried at the April term of the district court of Boulder county before a jury which, on the 7th of that month, returned a verdict in favor of defendants there, petitioners here.

Afterwards and on the 14th of April 1900, plaintiffs in the district court (respondents here) filed their motion for a new trial for cause which, on the 16th of June following, was overruled and judgment entered awarding defendants possession of the land in dispute.

On the 17th day of August plaintiffs, conceiving that they were entitled to a new trial, under the statute, as a matter of right upon due application therefor and the payment of costs, filed in the district court a motion to vacate the judgment, and having paid the costs, the court, against the objection of defendants below (petitioners here) that it had no power so to do, set aside the judgment and placed the cause upon the trial docket for a new trial.

Section 272 of the code of civil procedure of 1887, in force at the time the action was begun, made it lawful for the party against whom a judgment was rendered in an action for the recovery of the possession of real property at any time before

the first day of the next succeeding term to pay all costs recovered thereby; and, upon his application, the court was required to vacate the judgment and grant a new trial, as of right, without showing cause therefor. This provision was repealed by an act of the 12th general assembly (session laws 1899, 161) but section 3 of the repealing act excluded from its operation pending actions in courts of record in which one trial was had before the act took effect. The act took effect June 22, 1899. The only trial of this action, the one resulting in the judgment which was set aside by the district court on the application of the plaintiffs, occurred nearly a year after the repealing act took effect.

Mr. SYLVESTER S. DOWNER for petitioners.

Mr. E. I. STIRMEN and Mr. EDWIN H. PARK for respondents.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The petitioners here contend that, although the district court originally had jurisdiction of the subject matter of the action, its jurisdiction ceased, so far as the question here is concerned, when it overruled plaintiff's motion for a new trial for cause and rendered judgment for defendants; and its ruling on the subsequent motion which it proposes to make effective by entering upon another trial, being wholly beyond the realm of its authority, this writ of prohibition should go.

Respondents maintain that the district court had jurisdiction of the subject-matter which still continues, and which includes power to entertain the motion attacked, and this jurisdiction involves the power to decide wrong as well as right. If there was any error at all, it is insisted that it was like any other error occurring in the trial of a cause over

which the court had jurisdiction, reviewable by writ of error or appeal. They further contend that, since their action was begun while section 272 of the code of 1887 was in force, they had a vested right, as of course, upon the prescribed conditions, to the remedy of a second trial when judgment was rendered against them, which it was beyond the power of the general assembly to divest.

We are clearly of opinion that this repealing statute is constitutional as to pending actions, since a sufficient and adequate remedy of one trial was left. The parties to an action for the recovery of the possession of real property had no vested right under section 272 to the mere remedy of more than one trial as of course. It was entirely competent for the general assembly, even after an action was begun, to take away the unusual remedy given by the former law. The case is brought within the provisions of the statute, and as it is not within the exception, the right to a second trial as of course was gone the moment the act took effect. Cooley on Const. Limitations (6th ed.), 442 *et seq; Templeton et al. v. Horne*, 82 Ills. 491; *Coffin v. Rich*, 45 Me. 507; *Brown v. Challis*, 23 Colo. 145.

The fact that the district court originally had jurisdiction of the subject-matter is not conclusive that it had jurisdiction to make whatever order therein it might see fit. When the motion for a new trial for cause was overruled and judgment entered, the court lost jurisdiction of the action with the exception that during the same term it might have modified, or altered, its judgment, and except as to other recognized matters by which the present discussion is not affected. When the court assumed to grant plaintiffs' application for a new trial as a matter of right, it had no jurisdiction whatever to do so, for there is no statute and no principle of the common law that confers such right. There is thus presented a clear case in which the court having original jurisdiction of the subject-matter of an action entered a particu-

lar order therein entirely beyond its authority.

Not every case, however, where an inferior court acts without jurisdiction invokes at the hands of this court the extraordinary remedy of prohibition. In *People ex rel. v. District Court*, 11 Colo. 574, we declined to grant a writ of prohibition commanding an inferior court to desist from trial of an action upon the ground that it had no jurisdiction of the subject-matter. If the present application were, in its essential facts, similar to, or in principle the same as, that, the same order would be entered here. In the opinion in that case it was said that extraordinary cases might arise where, in the exercise of a sound discretion, the writ of prohibition would be allowed for the purpose of considering rulings like the one then before the court. We think the present application is such a case. It is perfectly clear, as already said, that the district court had no power to set aside the judgment and grant a new trial as a matter of right, and that such lack of jurisdiction is just as manifest now as it could be made to appear on a review of a final judgment on the merits. The parties to the action should not be put to the cost and inconvenience of going through the farce of a trial which could do neither party any good. If a judgment should again be rendered in favor of defendants, they would be in the position of having a void judgment, with the only valid judgment, theretofore rendered in their favor, that could be rendered in the action set aside; and if plaintiffs succeeded, their judgment would be of no possible benefit to them, but could be set aside by a reviewing court.

As will be seen from the opinion reported in 22 Colo. 102, when the case referred to in 11 Colo. *supra* came before this court upon appeal from the final judgment, and again as reported in 26 Colo. 333, the jurisdictional question raised involved the consideration of some exceedingly important and difficult questions, and it is doubtful if, when the application for the writ was filed, the facts said to show lack of jurisdic-

tion sufficiently appeared. Indeed, a careful examination of the opinions cited discloses that only as the result of a trial of the merits could those facts be satisfactorily shown. In addition to this, the plea of the want of jurisdiction was closely connected with a plea of *res adjudicata*, and this court might properly, as it did when the application for prohibition was presented, decline to pass upon the question at the inception of the litigation, but require the parties to proceed with the trial where all the facts necessary for the court to know could be fully exhibited. Other differences might be pointed out, but enough has been said to differentiate the two applications. The remedy by appeal or error is not plain, speedy and adequate in this cause.

While we jealously guard our original jurisdiction in applications of this sort, and are slow to comply with such requests, still, considering the complications that might arise therefrom and the hardships that thereby would be imposed upon the petitioners, it would seem useless to require them to conduct an expensive litigation which may safely, and for the benefit of all parties, stop now. The litigants should be saved unnecessary expense; the time of the court should be devoted to the disposition of matters within its powers.

The writ is a preventive, rather than a corrective, remedy, and issues usually only to prevent the commission of a future act, rather than to undo an act already performed; but where, as here, an unauthorized act of an inferior tribunal has been performed and something remains to be done to give full effect to that judgment of the court in a matter beyond its jurisdiction, the writ may be granted to prevent such further action, and also to undo what has already been done. High's Ex. Legal Remedies (3d ed.) § 766.

The permanent writ of prohibition will, therefore, go as asked, and the district court is directed to set aside its order heretofore entered vacating the judgment and granting a new trial, and to enter a new order re-instating the former

judgment of May 7, 1900, the same to be effective as of that date. The costs of this proceeding will be taxed to the respondents.

*Writ allowed.*