# CHARLESTON.

Riley Varney *v.* County Court of Mingo County *et al.*

(No. 5840)

Submitted October 5, 1926. Decided October 12, 1926.

1. Elections—

A county court sitting as a canvassing board, has no authority to pass on the eligibility of candidates. (p. 326.)

(Elections, 20 C. J. § 120 [Anno].)

2. Same—*Failure of Candidate Receiving Highest Number of Votes in Primary Election to File Expense Account is Not Excuse for Refusal of Canvassing Board to Issue Certificate of Nomination (Code, c. 5, §§ 8b [6], 8b [8]).*

The fact that a candidate receiving the highest number of votes in a primary election has failed to file an expense account as prescribed by Secs. 8-b (p), and 8-b (8), Ch. 5, Code, is no excuse for the refusal of a canvassing board to issue him a certificate of nomination. (p. 326.)

(Elections, 20 C. J. § 120 [Anno].)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Original proceeding by Riley Varney, as relator, for mandamus to be directed to the County Court of Mingo County and others.

*Writ awarded.*

*E. A. Hansbarger* for relator.
*George W. Crawford* for respondents.

HATCHER, JUDGE:

In the primary election on Aug. 3, 1926, Riley Varney the petitioner, received a majority of 212 votes over his only opponent, S. J. Lovern, for the Democratic nomination for . clerk of the county court of Mingo county. The county court, sitting as canvassing board, ·declared Varney not to be a legal nominee, and issued to Lovern a certificate of nomination. The county court, in answer to an alternative writ of mandamus, seeks to justify its action on the ground that Varney filed no expense account within the time prescribed by Secs. 8-b, (6), and 8-b, (8), Ch. 5, Code.

This is not a sufficient reason for refusing to issue Varney a certificate of nomination. The duties of the county court as a canvassing board are detailed in Secs. 68, 69, 70, and 71, Ch. 3, Code. These duties are ministerial, not judicial. It is not within the province of a canvassing board to pass on the eligibility of a candidate. *State* v. *Heatherly* (recently decided by this court). Its duty is to ascertain carefully and impartially the true result of the election, and to issue certificates in accordance with that result. *Brazie* v. *Commissioners,* 25 W. Va. 213 (221).

The return does not state a legal defense to the alternative writ. The peremptory writ is awarded. .

*Writ awarded.*