## No. 13,207.

PUBLIC UTILITIES COMMISSION ET AL. *v.* TOWN OF ERIE
ET AL.

(18 P. [2d] 906)

Decided January 7, 1933. Rehearing denied January 30, 1933.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. COLIN A. SMITH, Assistant, Mr. C. C. DORSEY, Mr. E. G. KNOWLES, Mr. J. Q. DIER, Mr. J. L. RICE, for plaintiffs in error.

Messrs. RINN & CONNELL, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

ON June 1, 1932, the Public Utilities Commission, after a hearing, determined that the public convenience and necessity no longer require the maintenance of a railroad station agency, as such, at the town of Erie, Colorado, but require the railroads to keep an employe on duty at the station for an hour each day as a caretaker and to perform other designated services, commencing on June 15, 1932. The commission entered an order compatible with its findings; the town of Erie sued out a writ of certiorari which was issued by the district court of Boulder county, and the court set aside the above order. The commission and the railroad companies involved, Union Pacific Railroad Company and Chicago, Burlington and Quincy Railroad Company, bring the case to this court on writ of error and ask for a supersedeas.

The commission acquired jurisdiction over the subject matter by virtue of section 2935, C. L. 1921, which reads as follows: "Whenever the commission, after a hearing had upon its own motion or upon complaint, shall find that the rules, regulations, practices, equipment, appliances, facilities, or service of any public utility, or the methods of manufacture, distribution, transmission, storage or supply employed by it, are unjust, unreasonable, unsafe, improper, inadequate or insufficient, the commission shall determine the just, reasonable, safe, proper, adequate, or sufficient rules, regulations, practices, equipment, appliances, facilities, service, or methods to be observed, furnished, constructed, enforced or employed and shall fix the same by its order, rule or regulation. The commission shall prescribe rules and regulations for the performance of any service or the furnishing of any commodity of the character furnished or supplied by any public utility, and upon proper tender of rates, such public utility shall furnish such commodity or render such service within the time and upon the conditions provided in such rules."

Section 2956, C. L. 1921, reads as follows: "Any public utility shall have a right to complain on any grounds

upon which complaints are allowed to be filed by other parties, and the same procedure shall be adopted and followed as in other cases, except that the complaint may be heard ex parte by the commission or may be served upon any parties designated by the commission."

Concerning review by the court of the order or decision of the commission, section 2961, C. L. 1921, reads: "* * * The review shall not extend further than to determine whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violates any right of the petitioner under the constitution of the United States or of the state of Colorado, and whether the order of the commission is just and reasonable and whether its conclusions are in accordance with the evidence. The findings and conclusions of the commission on disputed questions of fact shall be final and shall not be subject to review."

We follow the above statutes, and in conjunction therewith we advert to our repeated declaration that the scope of review on certiorari is limited to the inquiry as to whether jurisdiction has been exceeded, discretion abused or authority regularly pursued. *Public Utilities Commission v. City of Loveland*, 87 Colo. 556, 289 Pac. 1090; *State Board of Dental Examiners v. Savelle*, 90 Colo. 177, 8 P. (2d) 693, and numerous cases there cited. Many other citations are available, but they are unnecessary for present purposes.

The evidence is voluminous and it would serve no useful purpose to set it forth in this opinion. We are satisfied from our examination that the determination of the commission as to what public convenience and necessity required at the time of its order, was based upon ample testimony and we are unable to discover that such order was unjust, unreasonable, or that it violated any of the above canons. The commission manifested its fairness by requiring the railroads to keep an employe on duty at the Erie station for such time each day as the evidence

shows is demanded by public convenience and necessity. Speculations as to existing conditions when the railroads were built are beside the mark; readjustments are inevitable, due to revolutions produced in the business of transportation caused by the advent of the automobile. Travelers and shippers alike have benefited by this modern invention, and railroads have suffered loss of patronage to an extent at least, from some of the very ones who oppose a reduction of operating expenses.

We do not regard the setting aside of the order of the public utilities commission as justifiable. The judgment of the district court is accordingly reversed and the cause remanded with directions to reinstate the order of the commission.