## No. 17,465.

### EVEREADY FREIGHT SERVICE, INC. *v.* PUBLIC UTILITIES COMMISSION ET AL.
(280 P. [2d] 442)

Decided February 21, 1955.

Messrs. BOYLE & WITTY, Mr. E. B. EVANS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

The parties herein appear in the same order as in the trial court. We shall refer to plaintiff in error as petitioner, and to defendants in error as commission.

Petitioner was licensed by the commission to operate as a common motor carrier pursuant to section 304, chapter 16, '35 C.S.A. Its certificate was limited, as follows: "Transportation of freight in the town of Buena Vista and in Chaffee County and for occasional service throughout the state * * * subject to the following conditions: (a) For the transportation of commodities other than household goods between points served singly or in combination by scheduled rail and motor vehicle carriers, * * *. (b) The applicants shall not operate on schedule between any points. (c) The applicants shall not be permitted without further authority from the commission to establish a branch office or to have any agent employed in any other town or city than Buena Vista for the purpose of developing business. (d) Jurisdiction of the application herein shall be and the same is hereby retained to the end that if and as occasion may arise, appropriate orders may be made to prevent improper encroachment by the applicants upon the field of business occupied by the scheduled carriers, * * *"

In the instant case the Southwestern Transportation Company filed complaint with the commission alleging petitioner had solicited from, and contracted with, the Climax Molybdenum Company of Climax and Denver, Colorado, to transport for said company approximately eight hundred tons of cement per month from Ideal Cement plant at Portland, Fremont county, Colorado to Climax, Lake county, Colorado, said service to continue for an indefinite period. It was alleged that this service would require at least thirty-seven trips per month, con-

trary to one or more of the limitations contained in petitioner's certificate of convenience and necessity. The complainant asked the commission to institute an investigation of the alleged violations which in brief were that petitioner was about to or had violated its permit by extending, enlarging, altering and varying the territory, routes and services authorized by its certificate. The commission thereupon ordered an investigation of petitioner's activities, by one of its employees, and thereafter on March 18, 1954 the commission made a statement of complaint against petitioner and entered an order directing petitioner to show cause on or before April 20, 1954 why an order should not be made revoking the certificate of public convenience and necessity held by petitioner, because of violations on the part of petitioner of conditions named in said certificate.

Section 6, chapter 195, S.L. '45, authorizes a complaint to be made by the commission on its own motion and it may institute investigations or inquiries concerning violations of any of its rules or orders.

Before a hearing was had upon said order of investigation, petitioner filed a complaint "in the nature of petition for a writ of prohibition" in the district court and obtained a citation directed to the commssion to show cause why its proceedings against petitioner should not be stayed pending further order of court, and why the commission should not be permanently restrained from further proceeding in said investigation and any other matter in connection therewith.

The commission filed its motion to "Dismiss or in the Alternative to Quash." This motion was sustained and the complaint, order, and citation were quashed and held for naught.

Petitioner brings the cause here by writ of error.

Rule 106 R.C.P. Colo. provides for writs in the nature of certiorari or prohibition and limits the issuance of such writs to cases where an inferior tribunal exercising judicial or quasi-judicial functions has exceeded its jur-

isdiction or abused its discretion, and where there is no plain, speedy and adequate remedy. *Public Utilities Commission v. Town of Erie,* 92 Colo. 151, 18 P. (2d) 906.

In the instant case the commission did not exceed its jurisdiction. Jurisdiction is expressly conferred on the commission by sections 301, 302, 303, 304 and 310 of chapter 16, '35 C.S.A., and section 45 (a) chapter 137, '35 C.S.A., as amended by section 6, chapter 195, S.L. Colo. 1945.

There could be no abuse of discretion by the commission, for it definitely appears from the petition under review that the commission had not yet acted when the order and citation were issued by the trial court.

■ We must hold that the application for the writ sought by petitioner was premature. *People, ex rel. Pike's Peak Fuel Co. v. Public Utilities Commission,* 81 Colo. 361, 255 Pac. 608. In making its ruling, the trial court aptly stated: "That the complaint herein was premature inasmuch as the Defendant and Respondent had held no hearing nor made any ruling in said matter; and that this court is without jurisdiction."

■ ■ It is urged by petitioner that the commission must proceed in the district court under section 60, chapter 137, '35 C.S.A., and not having done so the only remedy left petitioner is to obtain a writ of prohibition. Section 60, chapter 137, '35 C.S.A., enacted in 1913, relates to and concerns the enforcement of orders, decisions and rules of the commission when the commission seeks enforcement of its pronouncements. Section 321, chapter 16, '35 C.S.A., enacted in 1927, relates to motor vehicle carriers and is comparable to said section 60, supra. When the commission seeks enforcement of its final orders, decisions and rules relating to motor vehicle carriers, section 321 of said chapter 16 prescribes the procedure to be adopted and followed in the *enforcement* of said orders, decisions and rules. The instant proceeding had not reached the point where these sections of the statute applied. Certainly the general assembly did

not by these sections contemplate that every alleged violation of the terms of a certificate of public convenience and necessity had to be heard in a court of record. The commission has inherent power to investigate alleged violations and to make its orders, subject to review as provided by law. Enforcement of its orders may become a matter for judicial determination in which event these sections apply.

We pass over without consideration the contentions of the Attorney General that the cause is now moot because of subsequent proceedings which do not appear in the record. It is fundamental that Court will consider only matters which appear in the record.

No error appearing, the judgment is affirmed.