No. 18,732.

COLORADO STATE BOARD OF MEDICAL EXAMINERS *v.*
DISTRICT COURT OF EL PASO COUNTY, ET AL.
(331 P. [2d] 502)

Decided November 10, 1958.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for petitioner.

Mr. Donald E. LaMora, Mr. James P. Moyers, for respondents.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This is an original proceeding instituted in behalf of the Colorado State Board of Medical Examiners. We will refer to the petitioner as the Board and to the respondent District Court of El Paso County as the respondent.

The Board seeks an order in the nature of prohibition to prevent the respondent District Court from proceeding in a matter entitled "Reginald B. Weiler v. Colorado State Board of Medical Examiners; etc." now pending in the District Court.

The action in the lower court was commenced by filing a verified complaint labeled, "Complaint under Rule 106 (4) for a writ in the nature of prohibition and other relief." Attached to the complaint and made a part thereof was a notice of hearing directing Dr. Weiler to appear before the State Board of Medical Examiners, on a date therein stated, to answer certain specified charges attached thereto. As grounds for invoking the aid of the judiciary, the petitioner before the District Court alleges that the statute (Medical Practice Act of 1951, C.R.S. '53, 91-1-1, et seq.) does not provide a means whereby plaintiff may object to the jurisdiction of the Board; that it would be useless to apply to the Board for relief; that undue delay would be prejudicial to plaintiff and would seriously interfere with plaintiff's treatment of patients;

that the charges show prejudice on the part of the Board, and that the Board has conducted investigations and not given plaintiff the right to confront witnesses; that the charges are vague and uncertain; that the statute does not give subpoena rights to the plaintiff; that the plaintiff does not know the names of the witnesses who appeared against him; that the members of the Board are precluded from impartiality and that the members of the Board are not experts in the field in which plaintiff practices; that the Act does not provide standards and constitutes an unlawful delegation of legislative function; that the Act is unconstitutional and deprives plaintiff of due process and equal protection of the laws; that the offenses charged constitute acts of malpractice and are barred by the statute of limitations; that the offenses charged constitute misdemeanors under the law and plaintiff is entitled to a jury trial; that he has no adequate remedy at law. On the complaint only, in an ex parte proceeding, the district court issued the following order:

"That the verified complaint of Plaintiff herein sets forth sufficient allegations to warrant the relief herein sought; that the Plaintiff has no plain, speedy and adequate remedy at law; that the Plaintiff will suffer irreparable injury unless said relief is granted; that a Writ in the nature of Prohibition should be issued commanding the Defendants to desist and restrain from further proceeding to hear and determine charges preferred by them against Plaintiff until the further order of the Court.

"WHEREFORE, IT IS ORDERED BY THE COURT, that the Clerk of this Court forthwith issue under her hand and the Seal of this Court a Writ in the nature of Prohibition pursuant to Rule 106, Colorado R.C.P., 1941, as amended, commanding the Defendants the Colorado State Board of Medical Examiners, Samuel H. Brown, Cecil C. Thorpe, John B. Farley, Piero Albi, B. Franklin Blotz, C. Walter Metz, C. Robert Starks, Arthur B.

Taylor and Lester L. Ward and each and all of them, to immediately desist and refrain from further proceedings of any kind or nature whatsoever in the matter of certain charges previously preferred against Plaintiff by said Defendants until the further order of the Court and further commanding and directing said Defendants to appear before the Court on the 11th day of July, A.D. 1958 at the hour of 10 o'clock A.M. to then and there show what cause they have, if any, why said Defendants and each and all of them should not be permanently and absolutely further restrained from any further proceedings in said matter."

Pursuant to this order a writ in the nature of prohibition was issued the same day, which immediately prohibited the Board from taking any further action in the premises and ordered the Board to appear before the Court on July 11, 1958, to show cause why the writ should not be made permanent. The Board is here seeking to prohibit the district court from conducting any further proceedings and from issuing any further orders in the premises, permanent or otherwise, and to prohibit the court from interfering with the Board in the exercise of its statutory functions.

As long recognized by this court and recently reiterated in *Prinster v. District Court,* 137 Colo. 393, 325 P. (2d) 938, the purpose of prohibition is to prevent usurpation or unwarranted assumption of jurisdiction on the part of an inferior tribunal (in this instance the trial court).

*The question to be determined is: Does the district court have jurisdiction to prohibit a branch of the executive department such as the State Board of Medical Examiners from carrying out its statutory functions?*

This question is answered in the negative.

The instant case falls squarely within the category of cases referred to in *Prinster v. District Court,* supra, as well as earlier cases for the reason that the action of the lower court constitutes direct and unjustified judicial

interference with a function properly delegated to the Executive Department.

■ It is well established that the General Assembly has power to enact laws regulating the practice of medicine, and in so doing may create within the Executive Department a board empowered to administer and enforce such laws. *Chenoweth v. State Board,* 57 Colo. 74, 141 Pac. 132; *Harding v. People,* 10 Colo. 387, 15 Pac. 727; *Smith v. People,* 51 Colo. 270, 117 Pac. 612. By law, therefore, the sole original jurisdiction to grant or revoke licenses to practice medicine in compliance with the regulatory provisions of such statute is vested in the State Board of Medical Examiners. *Thompson v. State Board,* 59 Colo. 549, 151 Pac. 436. Significantly, the respondent district court did not find the only fact which would support its action, namely, that the board lacked jurisdiction. Of course there could be no such finding for the reason that the board did and does have jurisdiction — sole and exclusive original jurisdiction.

■ As early as 1901, in *People v. District Court,* 29 Colo. 182, 68 Pac. 242, this court issued and made permanent a writ of prohibition in an action wherein the district court was attempting to restrain the State Board of Assessors from proceeding with a function imposed by statute. In issuing the writ in that instance, the court elaborated upon the doctrine of separation of powers, pointing out quite clearly that the trial court had no jurisdiction to interfere with officers of the state whose duties are imposed by statute. The majority opinion by Mr. Justice Steele plainly established the precedent for our holding there, but a special concurring opinion by Mr. Justice Gabbert was most lucid and clearly demonstrates why this court must intervene when formally requested where, as in the case at bar, the lower court is attempting to restrain a duly authorized administrative board from performing its duty pursuant to laws passed by the General Assembly. We quote with approval from Justice Gabbert's concurring opinion:

"Can the judicial directly prohibit the executive department from executing laws governmental in their nature? When the question arises whether one department is encroaching upon the authority of another, the courts must become the final arbiters. When this question is between the judicial and either of the other departments, the judiciary must be just as careful in marking the line between their authority and either of the others as if the contest was one of power and authority between the other departments. By the constitution of the state our government is divided into three co-ordinate branches—legislative, executive and judicial. The constitution is the paramount law. Each department derives its authority from that source. The power of each is limited and defined. Each is clothed with specific powers. The result of this distribution of power is, that each stands on an equal plane; neither is superior to the other, and each acting within its proper sphere is supreme. Hence, neither can directly call the other to account for actions within its province, nor can one directly interfere with the other in the performance of functions delegated by the constitution. Any other rule would be an assumption that the authority of one was superior to the other, or that the departments were not of equal dignity. Frost v. Thomas, 26 Colo. 222; People v. Rucker, 5 Colo. 455; In Re Fire and Excise Comrs., 19 Colo. 482; Guebelle v. Epley, 1 Colo. App. 199; People v. Martin, 19 Colo. 565; Lewis v. Water Works Co., 19 Colo. 236; Sutherland v. Governor, 29 Mich. 320.

"To this doctrine each department must yield implicit obedience; otherwise, the constitutional authority of the respective branches of the government would be obliterated, and we would be confronted with the antagonisms and complications resulting from one department assuming to directly control the other with respect to acts within its province. It is only by a rigid adherence to these principles that the powers of each can be fully protected, or prevented from being assumed by, or con-

centrated in one, and each limited to the legitimate
functions which the people, by the constitution, have
entrusted to the different departments of government.
The duty of the executive department is to carry the
laws into effect. * * * By virtue of the authority of the
constitution, it is the duty of the state board to carry
into effect the provisions of the revenue law which it is
required to execute. They are of a governmental char-
acter. *The sole object of the action commenced in the
district court is to obtain an injunction to restrain the
board from performing its duties. If this should be per-
mitted in a direct proceeding, the result would be to
directly subject executive officials to the jurisdiction of
the courts when acting within their province, and strip
them of their constitutional powers. This is an authority
which the judicial department cannot exercise in this
manner, for the obvious reason that to concede it would
be an assumption that the judicial was of superior au-
thority to* the executive department. * * *." (Emphasis
supplied.)

▆ Further, even a claim, as urged in the complaint
filed below, that the statute under which a department
of the executive is proceeding is unconstitutional will not
clothe the judiciary with power to interfere with or
control such department in advance of its taking final
action in the premises. In other words, the question of
constitutionality is a matter to be raised by writ of error
after the executive has performed its function. We again
quote from *People v. District Court,* supra, in the special
concurring opinion by Mr. Justice Gabbert:

"That the revenue law is claimed to be unconstitu-
tional cannot modify the rule in this instance. The courts
cannot investigate the question of its validity in a pro-
ceeding which can only be maintained upon the theory
that the judicial is of higher rank than the executive
department, or may directly control the functions of that
branch of the government when acting within its sphere.
Jurisdiction is the power to hear and determine the par-

ticular questions in the case involved. If this power is absent, then the court is without jurisdiction. *The case presented to the district court calls for an exercise of authority upon its part over another branch of the state government, which it does not possess. It is, therefore, not within its power to hear and determine that case. In a proper action the validity of the law may be raised, but not in one which would result in the courts assuming an authority which does not exist; in fact, under our form of government, is impliedly prohibited by the constitution.* * * *

\* \* \*

"The plaintiffs in the action commenced in the district court are striking at the very foundations of the government of the state by preventing its officials, charged with executing the laws relating to revenue, from acting; so that, whatever may be the weight of authority on the proposition as to whether or not a party can invoke the jurisdiction of this court by proceedings in prohibition when the inferior court whose jurisdiction is challenged has not been permitted to determine the question, is not controlling, where the people are directly interested, as in this instance, in the question of the jurisdiction of the district court to restrain the state board from performing its duties." (Emphasis supplied.)

The petitioner in the trial court, in attempting to invoke the aid of the district court, filed his action before hearing could be had by the board and before any action was taken by the board tending to deprive him of any of his alleged property rights. Without a hearing the court issued, ex parte, an absolute writ prohibiting the board from performing the duties imposed upon it by law. We deem it pertinent to comment that the statute being attacked by the extraordinary method used below specifically provides for reconsideration by the board of any orders issued by it, and *court review* of any action taken in revoking a physician's license. C.R.S. '53, 91-1-19.

Under circumstances very similar to the issues presented here, this court had occasion to affirm the action of a trial court in refusing to issue a writ in the nature of prohibition sought against the Public Utilities Commission. *Eveready Inc. v. P.U.C.*, 131 Colo. 172, 280 P. (2d) 442. In that case the Public Utilities Commission had made statement of complaint against the petitioner and had entered an order directing the petitioner to show cause why its certificate of convenience and necessity should not be revoked. The statute under which the Public Utilities Commission functions authorized, as in the instant case, a complaint to be made by the Commission on its own motion and permitted it to institute an investigation or inquiry concerning violations. Before hearing was had upon order of investigation, the petitioner filed a complaint "in the nature of petition for a writ of prohibition" in the district court. The district court in that case refused to issue the writ, and we held such refusal to be proper. In affirming the decision of the district court this court stated:

"Rule 106 R.C.P. Colo. provides for writs in the nature of certiorari or prohibition and limits the issuance of such writs to cases where an inferior tribunal exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and where there is no plain, speedy and adequate remedy. *Public Utilities Commission v. Town of Erie*, 92 Colo. 151, 18 P. (2d) 906.

"In the instant case the commission did not exceed its jurisdiction. Jurisdiction is expressly conferred on the commission by sections 301, 302, 303, 304 and 310 of chapter 16, '35 C.S.A., and section 45 (a) chapter 137, '35 C.S.A., as amended by section 6, chapter 195, S. L. Colo. 1945.

"There could be no abuse of discretion by the commission, for *it definitely appears from the petition under review that the commission had not yet acted when the order and citation were issued by the trial court.* ▌ *We must hold that the application for the writ*

236

*sought by petitioner was premature. People, ex rel. Pike's Peak Fuel Co. v. Public Utilities Commission, 81 Colo. 361, 255 Pac. 608. In making its ruling, the trial court aptly stated: 'That the complaint herein was premature inasmuch as the Defendant and Respondent had held no hearing nor made any ruling in said matter; and that this court is without jurisdiction.'"* (Emphasis supplied.)

Accordingly, the rule is made absolute and the district court of El Paso County is directed to dissolve the writ and order heretofore issued in said cause and to dismiss the complaint therein.

MR. JUSTICE HALL not participating.