## No. 19,800.

### LOUISE N. SHORT *v*. DISTRICT COURT OF JEFFERSON COUNTY, ET AL.

(362 P. [2d] 406)

Decided June 5, 1961.    Rehearing denied June 19, 1961.

Mr. ALAN A. ARMOUR, for Petitioner.

Mr. JOHN D. SAVIERS, for Respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in the nature of prohibition. The petitioner alleged the following facts as grounds for the issuance of a rule to show cause.

On October 24, 1960, petitioner's application for a retail liquor store license was heard and granted by the county commissioners of Jefferson county. A renewal license was subsequently issued for the year 1961. On October

26, 1960, the above named respondent Hope Lorenz who protested the granting of the license in the first instance, filed review proceedings in the district court of Jefferson county seeking reversal of the action of the commissioners in granting the license. The only parties named as defendants in that action were the commissioners and the Secretary of State of Colorado, the duly constituted licensing authorities. The petitioner to whom the license had been granted was not made a party and was not served with process of any kind in the action. The district court, nevertheless, heard the case and on January 3, 1961, reversed the licensing authority and ordered the license issued on October 24, 1960, to be cancelled.

Upon the foregoing showing made by the petitioner this court issued a rule to show cause. The return thereto raises no issue of fact.

Question to be Determined.

*Where an application is made to a licensing authority for a retail liquor license and a hearing is had thereon and the license issued; does the district court thereafter have jurisdiction to reverse the findings of the licensing authority and revoke the license in review proceedings in which the person to whom the license was granted is not made a party?*

■ The answer is in the negative. The petitioner in the instant case, not being a party to the review proceedings, has no remedy by writ of error and properly sought relief by invoking the original jurisdiction of this court. *Carlson v. District Court,* 116 Colo. 330, 180 P. (2d) 525; *Kellner v. District Court,* 127 Colo. 320, 256 P. (2d) 887. In *Kellner v. District Court,* supra, this court said:

"Since it will be apparent from the discussion of the facts in this case, that the trial court has no jurisdiction over the person of defendants, we adhere to, and further emphasize, the statements in *Carlson v. District Court,* 116 Colo. 330, 180 P. (2d) 525, ' * * * no question of greater "public importance" can arise than one in which

a court is proceeding without jurisdiction of the person or subject matter.' In the interest of justice, we consider it as much our duty, when our superintending control of inferior tribunals is invoked, to keep such tribunals within their jurisdiction, as it is to correct errors of such tribunals exercising proper jurisdiction."

In *A. D. Jones & Co. v. Parsons,* 136 Colo. 434, 319 P. (2d) 480, this court said, inter alia:

" * * * Though not technically property, such license is a valuable right and possesses some of the characteristics of property. The license can be recalled with all other similar licenses during the year only by legislative action; otherwise, it is revocable during the year only for breach of the conditions upon which it was issued. As thus viewed, it 'is property within the meaning of the due process clause of the Federal Constitution.' *Midwest Beverage Co. v. Gates,* 61 F.S. 688."

The rights acquired by petitioner when the license was issued by the commissioners cannot thereafter be cancelled by any judicial action to which petitioner is not a party.

The rule to show cause is made absolute, and the trial court is directed to dismiss the action.