## No. 20,911.

### The City of Thornton, Colorado, v. The Public Utilities Commission of the State of Colorado, et al.

(391 P. [2d] 374)

Decided April 13, 1964.

Mr. ORREL A. DANIEL, City Attorney, Mr. LEONARD H. McCAIN, Assistant, Mr. EDWARD A. BROWN, Assistant, Mr. RAPHAEL J. MOSES, Special Counsel, for petitioner.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN J. CONWAY, Assistant, for respondents.

Mr. GLENN G. SAUNDERS, Mr. WILLARD S. SNYDER, Mr. FREDERICK T. HENRY, Mr. GERALD J. ASHBY, Mr. ARTHUR E. MARCH, Mr. M. O. SHIVERS, JR., Mr. JAMES P. TURNER, Amici Curiae.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is an original proceeding filed by the City of Thornton seeking a writ of prohibition to halt certain proceedings before the Public Utilities Commission.

The parties will be referred to as follows: The petitioner as Thornton; the respondent Public Utilities Commission and the individual members thereof as the Commission. Others interested are: Northwest Utilities Company, to whom we will refer as Northwest; certain water users who were permitted to intervene and to whom we will refer as Intervenors.

Thornton's petition, consisting mostly of the recital of the history of its acquisition of the water system, of newspaper articles, and of some correspondence with the chairman of the Public Utilities Commission, has made only brief reference to the official actions of the Commission. These may be summarized as a general allegation that the Commission is exceeding its jurisdiction in giving notice to Thornton of a hearing on the application of Northwest to surrender certificates of convenience and necessity held by it. Thornton additionally expresses the apprehension and fear that the Commission will issue orders purporting to assume regulatory control of Thornton's water system, and alleges the Commission in the newspapers has cast doubt on its bond issue and threatens to invalidate the sale of the water system by Northwest to Thornton. By separating what the Commission *has* done from apprehension as to *what it may* attempt to do, this petition is revealed to be premature.

Northwest is the holder of a variety of certificates of convenience and necessity authorizing it, as public utility, to serve the water and sewage needs of a large area in the northwestern section of Adams County. At the time of acquisition by Northwest of an expanded authority to serve the City of Thornton there was presented to the Public Utilities Commission a franchise agreement between Northwest and Thornton. The franchise was incorporated in and made a part of the Commission's findings and order. Among the provisions was one that Thornton would have an option to purchase the system. This option was exercised by Thornton. A price was agreed upon and an election held by the citizens of Thornton authorizing the purchase and providing for a bond issue to finance it.

After the sale was consummated, Northwest applied to the Commission to surrender its certificates of authority on the ground that it had sold its water works and therefore did not have "any plant, property or as-

sets of any kind or nature and was no longer rendering or able to render water and sewer services to its former customers." On receipt of this application, the Commission entered the following findings and order:

"That sufficient cause exists for the holding of a hearing to determine the facts surrounding said transfer and, following the determination of said facts, to determine the following issues:

"A. Whether the transfer by Northwest Utilities Company of its water and sewer properties to the City of Thornton is not invalid under the laws of the State of Colorado because of the failure of said Company to obtain the approval therefor of this Commission.

"B. Whether this Commission should not determine the just compensation to be paid for the water and sewer properties of the Company and the terms and conditions of the transfer.

"C. Whether this Commission should not retain jurisdiction of the operation of said water and sewer system insofar as service and rates to consumers outside of the municipal boundaries of the City of Thornton are concerned.

"It is further found that both Northwest Utilities Company and the City of Thornton, among others, are interested in said matter, and that notice of said hearing should be given according to law."

An analysis of the Commission's action reveals that so far it has done the following:

(a) It has received, assigned a number to and filed the application of Northwest;

(b) It has determined that a hearing should be held on the application and the other matters on its own motion.

(c) It has found that the City of Thornton and others should be notified of the hearing according to law.

The date of the hearing is now undetermined because of the preliminary action of this court in issuing a show cause order to the Commission.

■ It must be conceded that Northwest properly filed its application for permission to surrender its certificates. The Commission certainly has jurisdiction of the application and of Northwest, has a right to hold a hearing, and can and should notify anybody who might be interested in such hearing.

We do not find from the acts so far of the Commission that it has *ordered Thornton* even to be present. So far as we know Thornton will or will not attend as it sees fit. Whether anyone will appear is of no concern to this court.

■ A reading of the "Findings" of the Commission indicates that some of the questions that the Commission *may ask* may be "incompetent, irrelevant and immaterial" to the issues to be explored at such hearing. However, it is fairly elemental what objections may be made to questions outside of the scope of the inquiry.

It may be that the Commission at the conclusion of the hearing will issue orders. Such orders may be illegal and of no force and effect. If so, timely remedies are provided. It may be that the Commission's orders may attempt to assume jurisdiction over parties or subject matter beyond that conferred by law. If so, filing of a petition for prohibition would then be proper.

■ Prohibition will not issue where the attention of the inferior tribunal has not been called to its alleged lack of jurisdiction. 42 Am. Jur., § 38, p. 172. The usual method or procedure, common in the district court when process issues to one claiming non-jurisdiction, is for the one summoned to appear specially in the court and to move that process be quashed as to him. The court in such cases is vested with power to determine whether it has jurisdiction. This is equally true of a quasi-judicial agency.

■ In the case at bar, as far as the record shows, Thornton isn't a party to the proceeding before the Commission. It has been merely notified that a hearing concerning Northwest's application is being conducted. It

has not been summoned to appear and is not being compelled to appear. And even if it were, it should specially appear before the Commission and challenge its jurisdiction.

In *Everyready Freight Service, Inc., v. Public Utilities Commission,* 131 Colo. 172, 280 P. (2d) 442, in affirming the district court's action in dismissing a petition for writ of prohibition, this court said:

"In the instant case the commission did not exceed its jurisdiction. * * *

"There could be no abuse of discretion by the commission, for it definitely appears from the petition under review that the commission had not yet acted when the order and citation were issued by the trial court.

"We must hold that the application for the writ sought by petitioner was premature. (citing cases.) In making its ruling, the trial court aptly stated: 'That the complaint herein was premature inasmuch as the Defendant and Respondent had held no hearing nor made any ruling in said matter; and that this court is without jurisdiction.' "

The jurisdiction was invoked by Northwest when it filed its application. As a result of the filing by the company the Commission scheduled a hearing and notice was directed to be given to those whom the Commission envisioned might be interested. This court certainly cannot enjoin the hearing or direct the scope thereof in order to prevent error. Nor can we limit the parties to whom notice should be given.

The rule is discharged.

Mr. Justice Frantz dissents.

Mr. Justice Frantz dissenting:

My conviction that the Commission has on its own motion taken unto itself a jurisdiction in certain areas where it has no authority to adjudicate forbids concurrence with the majority of this Court. I would tell the

Commission that its self-started and self-appointed assumption of jurisdiction in these areas is an arrogation of authority which compels making the writ absolute.

That the Commission has instituted a bootstrap proceeding becomes obvious upon consideration of the record before us. If its action then is beyond the pale of its power and involves the exercise of judicial or quasi-judicial functions, a classic case for prohibition has been made out. *Leonhart v. District Court,* 138 Colo. 1, 329 P. (2d) 781; *Board v. District Court,* 138 Colo. 227, 331 P. (2d) 502. That such exists here, I propose to show.

Perhaps clarity of viewpoint would be enhanced by stating what this case is not. It is not the ordinary and usual case in which one party has invoked the aid of court or agency to compel another to render him his rights under the law. In such case we have properly said that the inferior tribunal has jurisdiction in the first instance to adjudge whether it has a jurisdiction that has been put in question. *People ex rel. v. Public Utilities Commission,* 81 Colo. 361, 255 Pac. 608; *Davidson Chevrolet, Inc., v. Denver,* 138 Colo. 171, 330 P. (2d) 1116.

In the typical case, whether before court or administrative board, a party in initiating some action inferentially acknowledges jurisdiction in the court or board to grant the relief he seeks. *Delco Ice Mfg. Co. v. Frick Co.,* 318 Pa. 337, 178 Atl. 135. If the adverse party believes that the court or board has not jurisdiction to grant the relief requested, he may challenge the tribunal's authority to proceed. Thus, an issue of jurisdiction is presented for resolution, one party asserting and the other denying jurisdiction in the tribunal.

But that is not the situation which confronts us.

In the case before us, Northwest Utilities Company filed its application before the Commission, requesting permission to surrender its certificate of authority on the ground that it had sold its waterworks to the City of Thornton. There is no question about the jurisdiction of

the Commission to act upon this application, and a simple, single issue was presented for its determination...

The Commission, however, went beyond the issue contained in Northwest's application. It initiated, in effect, new issues. These new issues were injected into the case by the Commission itself, and its action in this respect represented a determination that it had jurisdiction so to do. Its determination that it had jurisdiction to inject new issues can only have validity if these new issues are properly within its delegated sphere of operation.

From a question of surrendering a certificate of authority the Commission expanded the proceeding by its findings and order, which is in part as follows:

"That sufficient cause exists for the holding of a hearing to determine the facts surrounding said transfer and, following the determination of said facts, to determine the following issues:

"A. Whether the transfer by Northwest Utilities Company of its water and sewer properties to the City of Thornton is not invalid under the laws of the State of Colorado because of the failure of said Company to obtain the approval therefor of this Commission.

"B. Whether this Commission should not determine the just compensation to be paid for the water and sewer properties of the Company and the terms and conditions of the transfer.

"C. Whether this Commission should not retain jurisdiction of the operation of said water and sewer system insofar as service and rates to consumers outside of the municipal boundaries of the City of Thornton are concerned.

"It is further found that both Northwest Utilities Company and the City of Thornton, among others, are interested in said matter, and that notice of said hearing should be given according to law."

Asserting *its* power to act in the premises, it is manifest that the Commission claims jurisdiction in itself on matters it projected in the case, and if its claim is un-

warranted, prohibition will lie. *State v. McQuillin,* 256 Mo. 693, 165 S.W. 713; *Dickinson v. Thorn,* 102 W. Va. 673, 135 S.E. 478.

To assert the power to act in fields over which a tribunal has no jurisdiction constitutes an unauthorized act which should be undone, and further illegal action should be arrested by an appropriate proceeding, i.e., prohibition. *People v. District Court,* 33 Colo. 293, 80 Pac. 908; *People v. District Court,* 28 Colo. 161, 63 Pac. 321.

Neither Northwest nor anyone else contends that the Commission has jurisdiction to determine the matters set forth in its findings and order. Only the Commission asserts jurisdiction, and has ordered a hearing on them. This is an exercise of jurisdiction, and we should say in what respects this jurisdiction is wrongfully asserted.

The City of Thornton, although not a party to the proceeding before the Commission, "properly sought relief by invoking the original jurisdiction of this court." *Short v. District Court,* 147 Colo. 52, 362 P. (2d) 406. Whatever the Commission does in connection with Northwest will directly or indirectly affect the City of Thornton.

I would make the writ absolute.