Opinion by
Mr. Justice Day.
This is an original proceeding in the nature of prohibition filed in this court by the Town of Vail, hereinafter referred to as Vail. What is sought here is an order to prohibit the district court of Eagle County, Colorado, the respondent herein, from continuing further proceedings in that court brought by one Stewart H. Brown under R.C.P. Colo. 106 (a) (4). He successfully obtained an order enjoining the municipal court of Vail from trying charges brought against him by Vail.
Upon filing of the petition, we issued, an order to the district court of Eagle County to show cause why the relief sought by Vail should not be granted. The respondent has made its return and a reply thereto has been filed. The matter is now at issue in this court.
Respondent has shown that Stewart H. Brown was charged in the municipal court of the Town of Vail with certain misdemeanors; that he filed the action in the Eagle County district court to restrain the court from trying him on those charges; and that he has alleged various reasons as to why the Vail municipal court was not properly created and constituted to guarantee his constitutional rights of due process, more specifically, a jury trial.
It is further disclosed that Vail did, in fact, appear in the district court; and that it made no objection to the jurisdiction of the court until after the case was heard and decided adversely to it. Vail then filed a motion for a new trial which is still pending in the district court.
In its reply to the showing of cause made by respondent, Vail states:
“Petitioner admits the allegation contained in Paragraph 9 of Respondent’s Answer that a Motion for New Trial was filed and such Motion is still pending in the Respondent Court but states that such Motion was filed *307 merely to preserve the right of Petitioner to prosecute a writ of error should this Court discharge the rule herein.”
This court has repeatedly held that the attention of the trial court must be called to any lack of jurisdiction before a writ of prohibition will issue from this court. Justice Court v. People, ex rel., 109 Colo. 287, 124 P.2d 934.
In Thornton v. P.U.C., 154 Colo. 431, 435, 391 P.2d 374, 376, this court stated that,
“Prohibition will not issue where the attention of the inferior tribunal has not been called to its alleged lack of jurisdiction. 42 Am. Jur., § 38, p. 172. The usual method of procedure, common in the district court when process issues to one claiming non-jurisdiction, is for the one summoned to appear specially in the court and to move that process be quashed as to him. The court in such cases is vested with power to determine whether it has jurisdiction. This is equally true of a quasi-judicial agency.”
Under R.C.P. Colo. 106 (a) (4) the district court does have jurisdiction as invoked by Stewart H. Brown; and even though the district court may have committed error — which we do not now decide — prohibition is not the remedy where the unsuccessful party has a right to review by writ of error.
In the instant case, Brown has received a favorable ruling from the district court. The trial court writ of prohibition involves the municipal proceedings against Brown solely and individually and does not suspend the ordinances of Vail. Brown is not a party in this proceeding. In Prinster v. District Court, 137 Colo. 393, 325 P.2d 938, this court said:
“Prohibition may never be used to restrain a trial court having jurisdiction of the parties and of the subject matter from proceeding to a final conclusion. Nor may it be used to restrain a trial court from committing *308 error in deciding a question properly before it; it may not be used in lieu of a writ of error.”
The rule is discharged.