The PEOPLE of the State of Colorado, Petitioner,

v.

The DISTRICT COURT OF the CITY AND COUNTY OF DENVER and the Honorable Warren O. Martin, Judge, Respondents.

No. 81 SA 176.

Supreme Court of Colorado, En Banc.

Nov. 2, 1981.

Rehearing Denied Nov. 16, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David K. Rees, Asst. Atty. Gen., Litigation Section, Denver, for petitioner.

Jay L. Gueck, Englewood, for respondents.

DUBOFSKY, Justice:

The People seek a writ in the nature of prohibition directing the respondent district court to vacate its order of March 11, 1981 reducing the defendant John C. Calvaresi's sentence and granting him probation. We issued a rule to show cause why the respondent court had not exceeded its jurisdiction in reconsidering Calvaresi's sentence. The People, as petitioner, provided us with transcripts of only a portion of the proceedings before the respondent court. Upon examination of these transcript excerpts we find that the People did not challenge the jurisdiction of the respondent court. Therefore, we discharge the rule.

Calvaresi was convicted of one count of first-degree arson and sentenced to a term of not less than five nor more than six years in the Colorado State Penitentiary. This court affirmed his conviction in *People v. Calvaresi*, 198 Colo. 321, 600 P.2d 57 (1979), and on October 15, 1979 the original trial court judge [1] issued a warrant for the arrest of Calvaresi, who had been released under an appeal bond. Calvaresi evaded arrest until May 8, 1980.

On August 20, 1980, ten months after the remittitur issued, Calvaresi filed motions under Crim.P. 35(b) and (c) [2] for reduction of sentence. The respondent court heard the motions on October 17, 1980 and concluded that although it had no authority to reduce the original sentence, it could consider granting probation. The respondent court thought Calvaresi should serve more of his sentence before being placed on probation, but the court took the motion under advisement with the intent to sign a probation order on May 10, 1981.

Meanwhile, Calvaresi and his two co-defendants filed petitions for writs of habeas corpus in the United States District Court. On February 19, 1981 the federal district court granted the petitions of Calvaresi's co-defendants, but not Calvaresi's petition. Calvaresi then filed an amended motion for reduction of sentence with the respondent court, and after a hearing on March 11, 1981, the respondent directed that Calvaresi be placed on probation for two years.

The People contend that the respondent court acted in excess of its jurisdiction because it reconsidered Calvaresi's sentence more than 120 days after the remittitur issued from our affirmance of Calvaresi's arson conviction. [3] The respondent court determined that the motion was timely because, when the original trial judge sentenced Calvaresi, he directed the Department of Institutions to file with the court Calvaresi's diagnostic evaluation report within 90 days after Calvaresi arrived at the penitentiary. *See* section 17–40–103(1), C.R.S. 1973 (1978 Repl. Vol. 8). The statutorily required report may be used for a possible reconsideration of sentence. The report was received from the Department of Institutions on June 26, 1980. [4]

---

1. The respondent judge did not preside over Calvaresi's trial, nor did he impose the original sentence on Calvaresi.

2. While the respondent court did not specifically exclude consideration of the 35(c) motion, it only considered issues appropriately raised under Rule 35(b), and the defendant appears not to have pursued the 35(c) remedy in the hearings before the respondent court.

3. Crim.P. 35(b) allows a court to reduce a sentence provided a motion for reduction of sentence is filed, *inter alia*, within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment. There are no time limitations for filing a Crim.P. 35(c) motion.

4. The delay in apprehending and incarcerating Calvaresi resulted in the diagnostic evaluation report being issued at this late date. In their arguments before this court, the People question the propriety of allowing the requirement

The transcript of the court's ruling on October 17, 1980 taking the motion for reconsideration of sentence under advisement and the transcript of the hearing on the amended motion for reconsideration of sentence on March 11, 1981 do not include an objection by the People to either the respondent court's conclusion on October 17 that the Crim.P. 35(b) motion was timely filed or the respondent court's consideration on March 11 of Calvaresi's amended motion for reconsideration of sentence.[5]

 We emphasize that the People brought this case as an original proceeding rather than appeal. *See People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978). We repeatedly have held that the attention of the trial court must be called to any lack of jurisdiction before a writ of prohibition will issue from this court. *Town of Vail v. District Court*, 163 Colo. 305, 430 P.2d 477 (1967); *City of Thornton v. Public Utilities Commission*, 154 Colo. 431, 391 P.2d 374 (1964). If the People did call the court's attention to the jurisdictional issue, it is not evident from the record they have furnished us. It is the responsibility of the petitioner to provide us with a record that will substantiate its claim. *See Rogers v. Best*, 115 Colo. 245, 171 P.2d 769 (1946). This it has not done here.

Rule discharged.

QUINN, J., does not participate.

---

of filing the evaluation report, here delayed because of the defendant's avoidance of arrest, to extend indefinitely the time limitation for seeking post-conviction review.

**5.** The People did object to the court considering the amended motion rather than waiting until May 10, 1981 to enter probation.