Brenda LeGRANGE, Petitioner,

v.

DISTRICT COURT, In and For the COUNTY OF GRAND, State of Colorado, and The Honorable Richard P. Doucette, a Judge of said Court, Respondents.

No. 82SA530.

Supreme Court of Colorado, En Banc.

Jan. 31, 1983.

Dana F. Strout, Dana F. Strout, P.C., Denver, for petitioner.

Anthony J. DiCola, Hot Sulphur Springs, for respondents.

NEIGHBORS, Justice.

The petitioner, Brenda LeGrange, brought this original proceeding under C.A.R. 21 seeking relief in the nature of prohibition. We issued a rule to show cause why the respondent district court had not abused its discretion or exceeded its jurisdiction in ordering that the petitioner furnish documents, during pre-trial discovery proceedings, establishing her legal right to

be in the United States. Because we conclude that the order to show cause was improvidently granted, we discharge the rule.

On May 10, 1982, LeGrange filed a complaint in the District Court for Grand County. In her first claim, LeGrange alleges that the defendant, Richard J. Stemple, executed a promissory note in the amount of $100,000 payable to her, that Stemple paid only $8,000, that the note is in default, and that Stemple owes $92,000. LeGrange's second claim is based on an alleged breach of contract. LeGrange claims that she and Stemple were involved in a real estate development project as partners. LeGrange claims that she agreed to sell her interest in the project to Stemple for $100,000 and that Stemple paid only $8,000, leaving a balance due and owing of $92,000.

Stemple filed his answer on July 27, 1982, in which he denied the allegations made in LeGrange's complaint. He also raised two affirmative defenses. First, Stemple claims he has paid all monies due the plaintiff. Second, he alleges that he never made or delivered the promissory note to the plaintiff and further claims that the note is a fraudulent document.

On August 30, 1982, Stemple served a notice of deposition on LeGrange. The notice also included a request to produce documents. Paragraph 7 of the request asks that "[a]ll documents establishing plaintiff's legal right to be in the United States" be produced. Pursuant to the notice, LeGrange was to appear for her deposition and produce the documents on October 13, 1982. LeGrange filed a motion for protective orders directed to paragraph 7 of the notice to produce on October 8, 1982. She asserted that production of "documents establishing her legal right to be in the United States is immaterial, not probative, irrelevant and designed for the sole purpose of harassing and annoying the plaintiff." Stemple filed a memorandum and response to the plaintiff's motion for protective orders. The respondent judge entered a minute order denying the motion filed by LeGrange and ordered her to "furnish the requested documents within 30 days." LeGrange then filed this original proceeding.

■ LeGrange makes two arguments in support of her position that the respondent judge abused his discretion and exceeded his jurisdiction. LeGrange first claims that the trial court abused its discretion in ordering her to produce the documents relating to her legal right to be in the United States. The argument is rejected. One of Stemple's apparent defenses is that he would not have entered into a business relationship with LeGrange because she is an illegal alien. The law in Colorado is that issues relating to pre-trial discovery are generally within the discretion of the trial court and are not proper matters for original proceedings, absent exceptional circumstances. *Sanchez v. District Court,* 624 P.2d 1314 (Colo.1981). Given the limited record before us, we cannot say that the respondent judge abused his discretion in light of the positions taken by the parties in the trial court.

■ LeGrange's next contention is that the order to produce the disputed documents violates her right against self-incrimination as guaranteed by the Fifth Amendment to the Constitution of the United States. This argument was never presented to the trial court. LeGrange first raised the fifth amendment claim in the petition filed in this court. We have repeatedly held that any claim of lack of jurisdiction must be called to the attention of the inferior tribunal before a writ of prohibition may issue. *Town of Vail v. District Court,* 163 Colo. 305, 430 P.2d 477 (1967); *City of Thornton v. Public Utilities Commission,* 154 Colo. 431, 391 P.2d 374 (1964). We adopt the same rule for constitutional issues. A claim that a discovery request or order violates the constitutional rights of a witness or party must first be presented to the trial court. The purpose of this rule is twofold. First, unless the trial court has an opportunity to rule on the matter at issue, the appellate court cannot properly assess the propriety of the trial court's decision. Second, unnecessary litigation may be pre-

vented if the constitutional claim is first presented in the trial court.

Rule discharged.