No. 13,159.

McDill *v.* North Eastern Motor Freight, Inc.
(19 P. [2d] 204)

Decided January 30, 1933.

Mr. RALPH W. McCRILLIS, Mr. MARION F. JONES, for plaintiff in error.

Mr. JACK GARRETT SCOTT, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS case involves the construction and constitutionality of chapters 120 and 121 of the Session Laws of 1931 and should be considered in connection with *Bushnell v. People,* decided January 30, 1933, 92 Colo. 174, 19 P. (2d) 197.

The North Eastern Motor Freight, Inc., a corporation duly authorized to transport freight for hire as a public motor vehicle carrier, pursuant to the authority granted by section 22, Session Laws of 1927, and section 20 of chapter 120, Session Laws of 1931, instituted this action in the district court of Morgan county to enjoin J. B. McDill from transporting by motor vehicle, freight for hire until he had secured a certificate of public convenience and necessity or a permit required by chapters 120 and 121, Session Laws of 1931.

After the suit was instituted, McDill secured Class A and Class B permits authorizing him to operate as a private motor vehicle carrier. Thereafter upon final hearing, the court found McDill was operating as a common carrier and entered a decree enjoining him from operating ''as a common carrier, unless and until you shall have obtained from the Public Utilities Commission

of the State of Colorado a certificate declaring that the present or future public convenience and necessity require or will require such operation; and that you do likewise absolutely, permanently and perpetually refrain and desist from operating any motor vehicle for the transportation of property for compensation over any public highway in the State of Colorado as a private carrier, at any period during which the permits to operate as such private carrier now held by you shall have been suspended or revoked by proper order of the Public Utilities Commission of the State of Colorado.''

It appeared that one of his private carrier permits had been revoked for a period of thirty days, which time has since elapsed.

■ An examination of the record fails to disclose that McDill was engaged in the business of transporting freight for hire as a public motor vehicle carrier as such term is defined by either chapter 134 of the Session Laws of 1927 or chapter 121 of the Session Laws of 1931, because he did not hold himself out as willing to, and did not in fact, accept freight for transportation for hire indiscriminately from all who might or did seek such service.

In *Burbridge v. Public Utilities Commission,* 91 Colo. 134, 12 P. (2d) 1115, in construing chapter 134, Session Laws of 1927, defining motor vehicle carriers, we determined that Burbridge was not such a motor vehicle carrier as defined by chapter 134, Session Laws of 1927, because he did not ''indiscriminately accept, discharge and lay down * * * freight'' nor did he hold ''himself out for such purpose by advertising or otherwise.''

In *Bushnell v. People, supra,* we held that the elimination of the expression ''who indiscriminately accept, discharge and lay down either passengers, freight or express, or who hold themselves out for such purpose by advertising'' and the substitution therefor, the words ''as a common carrier'' did not change the effect of the former act and the subsections a, b and c of section 1

did not eliminate the necessity of showing that one indiscriminately accepted freight for hire, but merely placed the burden upon the carrier to prove that he was not in fact operating as a common carrier, for the purpose of better regulation and to prevent evasion of the law.

██ Burbridge was engaged in the transportation of freight for hire under contracts with various individuals. McDill was engaged in similar transactions. McDill was not shown to be a public motor vehicle carrier for hire as defined by chapter 134 of the Session Laws of 1927 or by chapter 121 of the Session Laws of 1931. Therefore the injunctive order restraining him from operating as such was improper. Other assignments of error are without merit.

Accordingly, that part of the judgment which permanently enjoins McDill from operating as a common carrier is ordered stricken and as so modified the judgment is affirmed.

Mr. Justice Bouck not participating.