No. 23595.

VAIL AIRWAYS, INC. *v.* THE PUBLIC UTILITIES COMMISSION OF THE STATE OF COLORADO, VEST AIRCRAFT AND FINANCE COMPANY, AND ATLAS AVIATION, INC.

(458 P.2d 74)

Decided August 25, 1969.    Rehearing denied September 15, 1969.

502

SCHNEIDER, SHOEMAKER, WHAM & COOKE, ROBERT M. GORDON, JR., ROBERT S. WHAM, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, ROBERT LEE KESSLER, Assistant, for defendant in error The Public Utilities Commission of the State of Colorado.

McNICHOLS, NIGRO & BALDRIDGE, JOSEPH NIGRO, for defendants in error Vest Aircraft and Finance Company and Atlas Aviation, Inc.

*In Department.*

Opinion by MR. JUSTICE LEE.

PLAINTIFF in error, Vail Airways, Inc. (Vail), by this writ of error seeks to reverse the district court of Denver county which affirmed an order of the Public Utilities Commission (Commission) approving the transfer of a certificate of public convenience and necessity from Vest Aircraft and Finance Company (Vest) to Atlas Aviation, Inc. (Atlas).

The certificate of convenience and necessity, PUC No. AC-171, approved for transfer, authorized the operation of a common carrier by air on a call and demand, or charter, basis as follows:

"Transportation, by airplane, in intrastate and interstate commerce of passengers and property, not on schedule, but on call and demand, between all points in the State of Colorado.

"Applicant shall not establish an office or branch for the purpose of developing business at any town, place or city other than Denver, the near-by Sky Ranch Airport, and other so-called Denver Airports, within a radius of fifteen miles of Denver, Colorado.

"Tariffs and rates for transportation of passengers between points served by air carriers operating on schedule over fixed routes, shall be at least fifty percent greater per passenger than the effective rates of fixed-route carriers by air so operating on schedule between said points."

Vest agreed to sell the certificate to Atlas for $750 subject to approval of the Commission. On February 3, 1967, Vest filed its application for transfer with the Commission. Notices of hearing were served on fifteen affected air carriers. Protests were filed by Aspen Airways and by Vail. Aspen Airways did not join in the district court proceedings to review the Commission ruling and, accordingly, is not a party here.

Vail's protest alleged the following: that it was the holder of a certificate of public convenience and necessity, authorizing it to operate as a common carrier for transport by air of passengers and property, not on schedule, between all points in the state of Colorado; that it maintains offices at Stapleton International Airport, Denver, Colorado; that it also has authority to maintain offices in Eagle and Vail, Colorado, and airports within a thirty-five-mile radius of Vail, Colorado, in Eagle and Summit Counties; and, further, that it was authorized to operate a scheduled service between Denver and Eagle, Colorado. The basis of Vail's protest was that the transfer would be inimicable to the public interest; that Atlas was not fit, willing or able financially or otherwise to conduct the proposed operation; that the certificate sought to be transferred had become dormant through disuse and was not subject to being transferred; and that the transfer would impair the operation of Vail contrary to the public interest.

An evidentiary hearing was held before Commissioner Zarlengo, who made extensive findings of fact, and thereafter the Commission ordered that the application for transfer be granted. Without setting forth the findings verbatim, it is sufficient in summary to point out

that each of Vail's contentions was found to be unsupported by the evidence; that the transfer would in fact be in the public interest; that Atlas was ready, willing and able to operate the authority and had ample and suitable equipment, sufficient net worth and experienced personnel to render and continue the operation under the certificate; that the evidence adduced to establish that the certificate was abandoned or dormant was insufficient, but to the contrary established that the authority was actively operated; and that the transfer requested would not economically impair the operation of Vail contrary to the public interest.

The findings of fact and order granting the application was signed by Commissioner Zarlengo and contains as a part thereof a Special Concurring Opinion signed by Commissioners Bjelland and Lundborg, as follows:

"We specially concur herein and would authorize the herein transfer for two (2) basic reasons: (1) that the evidence of record failed to establish the abandonment of the authority as herein involved and (2) that the conduct of operations under said authority, for the period of time from January 1, 1966 to the date of the filing of the application to transfer, as established by the record, does not constitute sufficient grounds to deny the transfer of said authority."

A petition for rehearing was denied by the Commission. Upon hearing of the certiorari proceeding in the district court, it was found by the court

"* * * that the Findings of the Commission contained in their Order are supported by the evidence before them; that the Commission had jurisdiction to do what they did do, and to enter the Order which was entered; that the Commission regularly pursued its authority and did not abuse its discretion; and that the action of the Commission is not arbitrary or capricious; and in all respects the Order of the Commission is affirmed and sustained."

Vail contends the court erred in affirming the

Commission action in two respects: first, there is no valid order of the Commission; and, second, the Commission erred in failing to find the certificate to be dormant from nonuse, and therefore not subject to transfer. We do not agree for the following reasons:

I.

█ Vail's first argument simply stated is that the Commission's order granting the transfer must be supported by a majority of the Commission members; that here, two of the commissioners specially concurred, stating their reasons separately, but without making findings of fact in support of their concurrence; and therefore, without findings of fact by a majority of the Commission membership, the order is invalid. Vail overlooks the initial portion of the special concurring opinion which states: "We specially concur herein * * *." In our view this clearly means we "agree with," "are in accord with," "consent to," or "join in" the findings of fact and order even though a separate and additional reason is assigned for the result. *Merriam-Webster New International Dictionary* (Third Edition), p. 472; *Black's Law Dictionary* (Revised 4th ed. 1951), p. 363. We hold that the material findings of fact and order of transfer were unanimously agreed to by the Commission.

II.

Vail's second contention of invalidity — that the Commission erred in failing to find the certificate to be dormant from nonuse and therefore not subject to transfer — is based upon Vail's assertion that Vest, since the year 1964, by its own admission failed to provide call and demand, or charter, service as was its duty under its certificate of public convenience and necessity, citing as authority *Ward Transport, Inc. v. Public Utilities Commission,* 151 Colo. 76, 376 P.2d 166; *McKay v. Public Utilities Commission,* 104 Colo. 402, 91 P.2d 965; *McDill v. North Eastern Motor Freight, Inc.,* 92 Colo. 198, 19 P.2d 204. Vail argues that Vest's certificate was rendered dormant and abandoned and therefore was not transfer-

able for the reason that Vest did not operate as required under the certificate for over two years. The evidence was not substantially in dispute as to the character of Vest's operation.

The certificate was initially issued in 1947 and was transferred to Vest. It was operated from Sky Ranch Airport until April of 1964 when it was then moved to Stapleton International Airport. Until 1964 the business was substantially operated as a call and demand, or charter, carrier service to the public at large. After 1960, the year of Mr. Vest's death, the business gradually turned toward the promotion of aircraft sales and the call and demand service diminished. From April of 1964 until February, 1967, during which there was a six months voluntary suspension of service under order of the Commission, there were no call and demand, or charter, flights for persons other than potential buyers of aircraft. The flights consisted solely of demonstration flights. If a sale was consummated, no fares would be charged. On the other hand, if no sale was made, the customer would be charged the fare as required in the tariffs filed with the Commission. Calls for customary charter service were referred to other certificated carriers.

■ We note here that the Commission found that there were no complaints lodged against Vest for refusal to serve, or for inadequacy or insufficiency of service. Although there is full statutory authority for the promulgation of rules and regulations for common carrier operations (C.R.S. 1963, 115-4-1), the Commission apparently has never prescribed any for service by air carriers such as we are here concerned with. The Commission observed in its findings that no minimum usage requirements had been established by it by which certificate holders such as we have here might be guided in their operations. We conclude that in the absence of statutory limitations or the promulgation of rules and regulations regulating the same the character and manner of service

that may be provided by one authorized to operate as a call and demand, or charter, air carrier is within the sound discretion of the Commission, the exercise of which must be predicated upon the public interest. Here, the Commission found there were continuing operations under the certificate, sufficient in character to preclude any conclusion that the certificate was dormant or abandoned.

The existence of dormancy is a question of fact, as is that of abandonment, to be determined by the Commission as the fact-finding agency. *Southeast Colorado Power Association v. Public Utilities Commission,* 163 Colo. 92, 428 P.2d 939. Here, the Commission, as stated above, specifically found the subject certificate neither dormant nor abandoned.

It is not our function here to determine when a certificate of public convenience and necessity shall be transferred, but rather to determine whether the Commission regularly pursued its authority. We find that it did so; that no right of Vail was violated; and that the order authorizing the transfer was just and reasonable.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.