Ken LAMBDIN, Petitioner,

v.

DISTRICT COURT In and For the 18TH JUDICIAL DISTRICT OF the COUNTY OF ARAPAHOE, and the Honorable Thomas C. Levi, One of the Judges Thereof, Respondents.

No. 95SA185.

Supreme Court of Colorado, En Banc.

Oct. 10, 1995.

---

tained claims for breach of contract, promissory estoppel, and failure of Sun to pay wages in violation of section 8–4–104, 3B C.R.S. (1986 & 1994 Supp.).[3] Lambdin requested an award of the commission income owed, interest from the date the commission accrued, penalties, attorney fees pursuant to section 8–4–114, 3B C.R.S. (1986),[4] and costs.

Sun filed its motion to dismiss, or in the alternative, to stay proceedings pending arbitration pursuant to C.R.C.P. 12(b)(1) and section 13–22–204, 6A C.R.S. (1987), of the Uniform Arbitration Act of 1975 (UAA).[5] Sun asserted that the arbitration provision of the Compensation Plan governed the dispute, and claimed that because a valid arbitration agreement was in force, the court lacked jurisdiction to hear the dispute.

In response to Sun's motion, Lambdin asserted that the arbitration agreement in the Compensation Plan was invalid. He argued that the Compensation Plan, including the arbitration clause, constituted a contract of adhesion; and that the Compensation Plan was given to him after he had accepted a position at Sun with no opportunity to negotiate its terms. He further argued that the Compensation Plan was not valid because no one from Sun had signed it. For these reasons, Lambdin argued that the Compensation Plan's arbitration provision was unenforceable.

In the alternative, Lambdin claimed that sections 8–4–101 to –126, 3B C.R.S. (1986 & 1994 Supp.), of the Wage Claim Act provided him with a civil remedy for recovery of wages. Section 8–4–125, 3B C.R.S. (1986), of the Wage Claim Act voids any waiver or modification of the employee's rights under the statute. Because the Compensation Plan precluded Lambdin from bringing a civil suit, Lambdin asserted that the provision was an invalid waiver of his rights under the Wage Claim Act and void.

In reply, Sun asserted, in pertinent part, that under section 13–22–204 of the UAA, a valid arbitration agreement overrides any statutory right to pursue a cause of action in court. Thus, Sun argued that the trial court should compel arbitration.

On October 11, 1994, the trial court granted Sun's motion and ordered a stay of Lambdin's civil action pending the conclusion of arbitration proceedings. Lambdin filed a Motion for Reconsideration of the trial court's order, reiterating the arguments set out above. *See supra* p. 1128. Alternatively, Lambdin requested that the court order the dispute to be arbitrated in Colorado under Colorado law, including the Wage Claim Act.[6]

Sun countered that the court lacked jurisdiction to determine matters relating to forum and choice of law.[7] After a hearing, the trial court held that the determination of the appropriate venue and applicable law was governed by the specific provisions of the arbitration clause. Thus, the court denied Lambdin's Motion for Reconsideration and directed that the case proceed to binding arbitration under the specific provisions of the Compensation Plan's arbitration clause.

---

**3.** Section 8–4–104(1), 3B C.R.S. (1994 Supp.), states: "When an employee quits or resigns such employee's employment, the wages or compensation shall become due and payable upon the next regular payday."

**4.** Section 8–4–114 provides that an employee may recover attorney fees if the employee prevails in a civil action to recover wages due pursuant to § 8–4–104. *See supra,* p. 1128 and note 3.

**5.** Section 13–22–204 of the Uniform Arbitration Act compels courts to order parties to proceed with arbitration upon a showing of a valid arbitration agreement and the opposing party's refusal to arbitrate. If the opposing party denies the existence of a valid arbitration agreement, § 13–22–204 requires the court to resolve this issue summarily.

**6.** As stated above, the arbitration provision of the Plan provided that arbitration should take place in Palo Alto, California and be conducted in accordance with California law. *See supra* p. 1127 n. 2.

**7.** According to the terms of the arbitration provision, the American Arbitration Association had jurisdiction over these matters. Moreover, the arbitration provision set California as the venue and California law as the governing law for the arbitration. Sun maintained that the choice of law provision in the arbitration agreement was reasonable and did not contravene any of Colorado's fundamental public policies. Therefore, Sun argued that the provision was valid and should be enforced.

Pursuant to C.A.R. 21, Lambdin filed a Petition for Relief in the Nature of Mandamus and Prohibition in this court. On June 15, 1995, we issued a rule to show cause directing that the trial court order mandating arbitration be stayed. We now make the rule absolute.

## II.

■ As an *initial matter*, Sun filed a Motion to Dismiss the order to show cause as being improvidently granted. An original proceeding under C.A.R. 21 is an appropriate remedy "where the trial court has abused its discretion and where an appellate remedy would not be adequate." *People v. District Court*, 869 P.2d 1281, 1285 (Colo.1994) (quoting *People v. District Court*, 868 P.2d 400, 403 (Colo.1994)); *Halaby, McCrea & Cross v. Hoffman*, 831 P.2d 902, 905 (Colo.1992). It is not a substitute for an appeal. *Hamon Contractors, Inc. v. District Court*, 877 P.2d 884, 887 (Colo.1994). However, exercise of our original jurisdiction is discretionary and is necessarily governed by the circumstances of each case. *Id.*

■ In the present case, absent our intervention, Lambdin would be required to submit to arbitration (in California and be governed by California law) under the terms of the arbitration clause. Appellate review of the arbiter's final decision regarding Lambdin's claim would not be an adequate remedy, because it would not resolve the underlying issue of whether Lambdin has a right to pursue his compensation claim through the Colorado court system. In the past, pursuant to C.A.R. 21, we have reviewed cases in which the trial court has issued a stay pending arbitration between the parties. *See, e.g., Firelock Inc. v. District Court*, 776 P.2d 1090 (Colo.1989); *Sager v. District Court*, 698 P.2d 250 (Colo.1985); *Sandefer v. District Court*, 635 P.2d 547 (Colo.1981). Because in this case the damage caused cannot be remedied on appeal, exercise of original

jurisdiction is warranted. Therefore, Sun's motion to dismiss the order to show cause as being improvidently granted is denied.

## III.

■ The Wage Claim Act provides a clear, comprehensive statutory scheme designed to require employers to pay wages earned by their employees in a timely manner. Section 8–4–104(1), 3B C.R.S. (1994 Supp.), of the Wage Claim Act mandates that when an employee quits or resigns his or her employment, wages or compensation become due and payable on the next regular payday. If an employer refuses to pay wages or compensation in accordance with section 8–4–104(1) without a good faith justification, the employer is liable to the employee for the compensation that is due plus a penalty as defined by the statute. § 8–4–104(3), 3B C.R.S. (1986). To pursue these claims, an employee is entitled to commence a civil action in court. § 8–4–123, 3B C.R.S. (1986). An employee who prevails in such civil action is entitled to recover reasonable attorney fees. § 8–4–114, 3B C.R.S. (1986). Section 8–4–125, 3B C.R.S. (1986), of the Wage Claim Act is entitled "Nonwaiver of Rights." It states:

> Any agreement, written or oral, by any employee purporting to waive or to modify his rights in violation of this article shall be void.

This section, by its plain language, voids any agreement that constitutes a waiver or modification of an employee's rights under the Wage Claim Act.

## A.

Lambdin contends that enforcement of the arbitration agreement effects a waiver of the right set out in section 8–4–123 of the Wage Claim Act to institute a civil suit to recover wages. Hence, he claims the agreement is void under section 8–4–125.[8] We agree.

---

**8.** Lambdin did not argue that the Compensation Plan constituted a contract of adhesion or that the Compensation Plan was not a voluntary agreement in his Petition For Relief in the Nature of Mandamus and Prohibition before this court, although he did make these arguments in

the trial court. In this opinion we make no determination as to the specific issue of voluntariness in this case or the more general issue of voluntariness regarding arbitration provisions in employment contracts.

Our primary task in construing statutes is to give effect to the intent of the legislature. *Bertrand v. Board of County Comm'rs,* 872 P.2d 223, 228 (Colo.1994); *General Elec. Co. v. Niemet,* 866 P.2d 1361, 1364 (Colo.1994). To ascertain legislative intent, we interpret statutory terms in accordance with their commonly accepted meanings. *Whimbush v. People,* 869 P.2d 1245, 1249 (Colo.1994). Moreover, a statute should be read as a whole in order to give consistent, harmonious, and sensible effect to all of its parts. *City of Lakewood v. Mavromatis,* 817 P.2d 90, 96 (Colo.1991).

The plain meaning of section 8–4–125 is that an agreement to arbitrate that conflicts with the rights established by the Wage Claim Act cannot be enforced against the employee. The General Assembly has developed a comprehensive statutory scheme through which employees may obtain wages that are owed. The plain language of the statute establishes that the General Assembly intended Colorado employees to be able to recover past due wages by filing a civil action in the Colorado courts. § 8–4–123, 3B C.R.S. (1986). Section 8–4–125 implements this policy by protecting employees against contractual waiver or modification of these substantive and procedural rights. Therefore, by the terms of section 8–4–125, an arbitration provision that waives an employee's rights under the Wage Claim Act is void.

### B.

Sun argues that the Compensation Plan's arbitration agreement is validated by the terms of the Uniform Arbitration Act of 1975, sections 13–22–201 to –223, 6A C.R.S. (1987 & 1994 Supp.). We disagree.

Contrary to Sun's assertion, the UAA does not sanction the Compensation Plan's arbitration agreement. The General Assembly enacted the UAA in 1975. Ch. 154, sec. 1, 1975 Colo.Sess.Laws 573. The UAA's purpose is to legitimize and encourage the use of arbitration agreements for settlement of disputes. § 13–22–202, 6A C.R.S. (1987). Section 13–22–203, 6A C.R.S. (1987), of the UAA states:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable, save upon such grounds as exist at law or in equity for revocation of any contract.

The UAA encourages arbitration agreements in general, both as to existing disputes and as to prospective disputes. The issue in this case is whether the specific nonwaiver provision of the Wage Claim Act prevails over the general provisions of the UAA. We hold that the UAA cannot breathe life into an arbitration agreement that the Wage Claim Act deems void. Thus, notwithstanding the general validity of arbitration agreements under the UAA, the clear mandate of section 8–4–125 is that an employee may not waive the rights the General Assembly created in the Wage Claim Act by means of an arbitration agreement.

In the present case, we conclude that the arbitration provision of the Compensation Plan violates section 8–4–125 of the Colorado Wage Claim Act and, therefore, is void. The arbitration provision compels Lambdin to arbitrate his claims for commission payments [9] in California under California law, thereby waiving his procedural and substantive rights under the Wage Claim Act. The arbitration provision denies Lambdin the right to pursue a timely civil action in a Colorado court pursuant to section 8–4–123. Furthermore, it denies Lambdin the right to have the Wage Claim Act, including sections 8–4–104 and 8–4–114, providing for penalties and attorney fees, govern his compensation dispute with Sun.[10]

---

9. The parties do not dispute that commission payments constitute wages or compensation subject to recovery under the Wage Statute. § 8–4–101(9), 3B C.R.S. (1986).

10. Our holding in this case is limited to the validity of an arbitration clause to the extent it restricts an employee's right to bring a civil suit to recover wages pursuant to the Colorado Wage Claim Act, §§ 8–4–101 to –126, 3B C.R.S. (1986 & 1994 Supp.).

## C.

Sun argues that the Compensation Plan's arbitration clause does not contravene section 8–4–125, the Wage Claim Act's anti-waiver provision. Sun relies on *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* — U.S. ——, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995); *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989); and *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); for the proposition that a claimant does not forego substantive statutory rights by agreeing to arbitration. Sun asserts that because Lambdin has not foregone any substantive rights under the Wage Claim Act by entering into the arbitration agreement, the agreement is valid. We disagree.

In all three cases that Sun cites, the Supreme Court distinguished between statutory rights and the mechanism for enforcement of those rights. In *Gilmer,* the Supreme Court explained that "by agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." 500 U.S. at 26, 111 S.Ct. at 1652. Thus, the Court held that arbitration of statutory claims did not constitute a waiver of the individual's substantive statutory rights.

These cases are distinguishable from the present case. In the Supreme Court cases the statutes involved did not preclude waiver of the claimant's procedural rights under the statute. *See Vimar,* — U.S. at ——, 115 S.Ct. at 2327 (holding Carriage of Goods by Sea Act, 46 U.S.C.App. § 1300, does not prevent parties from agreeing to enforce substantive rights under act through arbitra-

tion); *Rodriguez,* 490 U.S. at 482, 109 S.Ct. at 1920 (concluding that section 14 of the Securities Act of 1933 precluded waiver of substantive provisions under the act but not procedural provisions; hence, an arbitration agreement was consistent with the Act); *Gilmer,* 500 U.S. at 29, 111 S.Ct. at 1653 (concluding that Age Discrimination in Employment Act does not preclude arbitration or other nonjudicial resolution of claims). In contrast, section 8–4–123 of the Wage Claim Act explicitly creates a civil remedy to enable employees to pursue their claims for past due wages, and section 8–4–125, the Wage Claim Act's nonwaiver provision, precludes waiver of that procedural right. Without determining whether the Compensation Plan's arbitration agreement constitutes a waiver of Lambdin's substantive rights under the wage statute, we conclude that the plan imposes a waiver of his procedural right to pursue a civil remedy in court. Section 8–4–125 prohibits the waiver and the Compensation Plan's arbitration agreement is void.

## IV.

Sun further contends that the Federal Arbitration Act, 9 U.S.C. § 2 (1994), prohibits states from passing laws that prevent enforcement of arbitration agreements.[11] Accordingly, Sun argues that under the Supremacy Clause, U.S. Const. art. VI, cl. 2, a state statute purporting to invalidate an arbitration agreement would be void.[12] Sun raised this issue for the first time in its response brief filed in this court. The issue was not presented to the trial court, and therefore, does not fall within the ambit of the rulings we have reviewed in the case now before us. It is not the function of this court in an original action to preempt the trial

---

**11.** 9 U.S.C. § 2 of the Federal Arbitration Act states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable save upon such grounds

as exist at law or in equity for the revocation of any contract.

**12.** Article VI, cl. 2 of the United States Constitution states:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

court by directing the course of judicial proceedings. *Stapleton v. District Court,* 179 Colo. 187, 499 P.2d 310, 312 (1972). We have repeatedly held that the orderly administration of justice requires that parties first present all evidence and arguments to the trial court. *Panos Inv. Co. v. District Court,* 662 P.2d 180, 182 (Colo.1983). "Simply stated, we will not consider issues and evidence presented for the first time in original proceedings." *Id.* In original proceedings, we have refused to consider constitutional issues that have not been presented to the trial court. *LeGrange v. District Court,* 657 P.2d 454, 455 (Colo.1983); *Western Food Plan, Inc. v. District Court,* 198 Colo. 251, 257, 598 P.2d 1038, 1042 (1979). "The purpose of this rule is twofold. First, unless the trial court has an opportunity to rule on the matter at issue, the appellate court cannot properly assess the propriety of the trial court's decision. Second, unnecessary litigation may be prevented if the constitutional claim is first presented in the trial court." *LeGrange,* 657 P.2d at 455–56. We apply the same rule in this case and decline to reach Sun's Supremacy Clause challenge to our interpretation of the Colorado Wage Claim Act at this time.

## V.

The rule is made absolute.